# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| JONATHAN L. BLACK | CIVIL ACTION NO. 5:15-cv-1477 |
|       LA. DOC #539914 | |
| VS. | SECTION P |
| | JUDGE S. MAURICE HICKS |
| WARDEN JERRY GOODWIN | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Jonathan L. Black, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on April 29, 2015. Petitioner attacks his 2007 conviction for attempted armed robbery and the 23 year sentence imposed thereon by the First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

#### *Statement of the Case*

Petitioner was found guilty as charged of attempted armed robbery on August 31, 2007. He was thereafter sentenced to serve 23 years at hard labor. [Doc. 1, ¶3] He appealed his conviction and sentence to the Second Circuit Court of Appeal arguing claims of insufficiency of the evidence and excessiveness of sentence. On May 13, 2009, his conviction and sentence were affirmed. *State of Louisiana v. Jonathan Black*, 44214 (La. App. 2 Cir. 5/13/2009), 12 So.3d 1014.  His application for *certiorari* was denied without comment by the Louisiana Supreme

Court on February 12, 2010. *State of Louisiana v. Jonathan Lee Black*, 2009-1403 (La. 2/12/2010), 27 So.3d 843.  He did not seek further direct review in the United States Supreme Court. [Doc.1, ¶6(d)]

On May 17, 2011, he filed an application for post-conviction relief in the First Judicial District Court. He raised a single claim of ineffective assistance of counsel. His application was apparently denied by the District Court. Petitioner's writ application was thereafter denied by the Second Circuit Court of Appeal on October 24, 2013, and then by the Louisiana Supreme Court on July 31, 2014. [Doc. 1, ¶7; see also *State of Louisiana ex rel. Jonathan Black v. State of Louisiana*, 2013-2735 (La. 7/31/2014), 147 So.3d. 165]

Petitioner's undated petition was mailed on April 28, 2015, and received and filed on April 29, 2015. Petitioner argues three claims for relief: (1) insufficiency of the evidence; (2) excessiveness of sentence; and (3) ineffective assistance of counsel. [Doc. 1]

### Law and Analysis

### 1. Timeliness under § 2244(d)(1)(A)

Title 28 U.S.C. §2244(d)(1)(A) provides a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

---

[1] Nothing suggests that the limitations period should be reckoned as provided by 28 U.S.C. §(d)(1)(B), (C), or (D) in that petitioner has not alleged the presence of state created impediments to filing, or a newly recognized Constitutional right, or the recent discovery of the facts upon which his petition is premised.

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas v. Johnson,*184 F.3d 467 at 472 (5th Cir. 1999) citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction to the Second Circuit Court of Appeal.  On May 13, 2009, his conviction and sentence were affirmed. *State of Louisiana v. Jonathan Black*, 44214 (La. App. 2 Cir. 5/13/2009), 12 So.3d 1014.  His application for *certiorari* was denied without comment by the Louisiana Supreme Court on February 12, 2010. *State of Louisiana v. Jonathan Lee Black*, 2009-1403 (La. 2/12/2010), 27 So.3d 843.  He did not seek further direct review in the United States Supreme Court. [Doc.1, ¶6(d)]

Petitioner's judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..."  90 days after the Louisiana Supreme Court denied writs on direct review, or, on or about May 13, 2010, when the time limits for seeking further direct review by filing a petition for *certiorari*  in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of *certiorari* by the Supreme Court or expiration of the period for seeking *certiorari*."  Under Rule 13.1 of the Supreme Court Rules, the petitioner had ninety days from the Louisiana Supreme Court's judgment denying  his

petition for *certiorari* to file a petition for a writ of *certiorari* in the United States Supreme

Court.  *See Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)).

Thus, the AEDPA limitations period began to run on May 13, 2010, and petitioner had one year,

or until May 13, 2011, to file his *habeas corpus* petition. He was not able to toll limitations

because by the time he filed his application for post-conviction relief on May 17, 2011, [see Doc.

1, ¶7] the limitations period had already expired and could not be revived by the otherwise timely

filing of his application. *Compare Villegas v. Johnson,* 184 F.3d 467 (5th Cir. 1999).

### 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare

and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th

Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled

by the defendant about the cause of action or is prevented in some extraordinary way from

asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks

omitted). "A petitioner's failure to satisfy the statute of limitations must result from external

factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*,

442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "... a 'petitioner' is

'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

*Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2562, (quoting *Pace v. DiGuglielmo*, 544 U.S.

408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the

instant case.  The petitioner was not actively misled by the state of Louisiana; nor does it appear

that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. Further, petitioner was not diligent in his efforts. He allowed a period of 271 days to elapse between the date his post-conviction litigation was terminated by the Louisiana Supreme Court on July 31, 2014, until he filed his habeas petition on April 28, 2015.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, June 8, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

6